# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 3, 2018

```
* * * * * * * * * * * * * * *
LAURETTA HARVEY,                *    No. 16-705V
                                *
        Petitioner,             *    Special Master Sanders
                                *
v.                              *
                                *
SECRETARY OF HEALTH             *    Stipulation for Award; TDaP Vaccine;
AND HUMAN SERVICES,             *    Optic Neuritis ("ON")
                                *
        Respondent.             *
* * * * * * * * * * * * * * *
```

*Ronald Craig Homer*, Conway, Homer, P.C., MA, for Petitioner.
*Debra A. Filteau Begley*, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On June 16, 2016, Lauretta Harvey ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). The petition alleged that the tetanus, diphtheria, acellular pertussis ("TDaP") vaccine Petitioner received on August 1, 2013, caused her to suffer from Optic Neuritis ("ON"). *See* Stip. at 1, ECF No. 55.

On November 30, 2018, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioner. *Id.* at 2. Respondent denies that the TDaP vaccine caused Petitioner's alleged ON. *Id.* at 1. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

The parties stipulate that Petitioner shall receive the following compensation:

> **A lump sum of $90,000.00 in the form of a check payable to [P]etitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

*Id.* at 2.

The undersigned approves the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| LAURETTA HARVEY, | \* |
| | \* |
| Petitioner, | \*     No. 16-705V |
| | \*     Special Master |
| v. | \*     Herbrina Sanders |
| | \* |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* |
| | \* |
| | \* |
| Respondent. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the tetanus, diphtheria, acellular pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received a Tdap vaccination on or about August 11, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the Tdap vaccine caused her to develop Optic Neuritis ("ON"), and that she experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6. Respondent denies that petitioner's alleged ON, or any other injury, was caused-in-fact by a Tdap vaccination.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $90,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payment described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccine administered on or about August 11, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about June 16, 2016, in the United States Court of Federal Claims as petition No. 16-705V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

3

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that petitioner's alleged ON, or any other injury, was caused-in-fact by a Tdap vaccination.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

_/s/ Lauretta Harvey_
LAURETTA HARVEY

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONER:** | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:** |
| _/s/ Ronald C. Homer by Lauren Faga_ by Rule 33.1(c)(2) | _/s/ Catharine E. Reeves_ |
| RONALD C. HOMER | CATHARINE E. REEVES |
| Conway Homer, P.C. | Deputy Director |
| 16 Shawmut Street | Torts Branch |
| Boston, MA 02116 | Civil Division |
| (617) 695-1990 | U.S. Department of Justice |
| | P.O. Box 146 |
| | Benjamin Franklin Station |
| | Washington, DC 20044-0146 |
| **AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:** | **ATTORNEY OF RECORD FOR RESPONDENT:** |
| _Ward Sorensen for_ | _/s/ Debra A. Filteau Begley_ |
| NARAYAN NAIR, MD | DEBRA A. FILTEAU BEGLEY |
| Director, Division of Injury Compensation Programs | Trial Attorney |
| Healthcare Systems Bureau | Torts Branch |
| Health Resources and Services Administration | Civil Division |
| U.S. Department of Health and Human Services | U.S. Department of Justice |
| 5600 Fishers Lane | P.O. Box 146 |
| Parklawn Building, Mail Stop 08N146B | Benjamin Franklin Station |
| Rockville, MD 20857 | Washington, DC 20044-0146 |
| | (202) 616-4181 |

Dated: 11/30/2018